836 So.2d 646 (2002)
Lynne BRODIE, et al.
v.
TELECORP COMMUNICATIONS INC., d/b/a Suncom.
No. 02-CA-942.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Peter N. Freiberg Jones, Verras & Freiberg, New Orleans, LA, for plaintiffs-appellants.
Joseph E. LeBlanc, Jr. King, LeBlanc & Bland, Houston, TX, Elizabeth S. Wheeler, Michael D. Roche, New Orleans, LA, for defendant-appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether plaintiff's claims are preempted by federal law. For the following reasons, we affirm the trial court's finding that plaintiff's state law breach of contract claims are preempted by federal law.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Lynne Brodie, filed this class action petition for damages on behalf of herself and others similarly situated against Telecorp Communications, Inc., d/b/a SunCom. The petition alleges that Lynne Brodie contracted with SunCom for *647 cellular telephone services. This contract allowed her to make and receive local and long distance calls within and outside a defined local coverage area. She contended that these local calls were not the type of calls that should have typically incurred traveling, roaming or long distance charges as long as she was physically located within the local coverage area. Plaintiff asserted that SunCom violated the contract by erroneously billing her (and other customers) traveling/roaming and long distance charges for calls she made or received while physically located in the local coverage area and accepted payment from plaintiff for those calls. Plaintiff argued that these charges were erroneously incurred because SunCom's cellular towers were either "full" or located too far away to pick up the local calls at issue. In any event, plaintiff maintained that SunCom did not alert its customers that another cellular provider's tower was being used to broadcast the calls. Thus, the charges were incurred and added to her bill without her knowledge that these charges were not stipulated in the contract. She contended that SunCom's literature and sales personnel did not inform her of this occurrence. Plaintiff brought this suit as a class action.
In response, SunCom filed a motion for summary judgment arguing that if there is a contractual basis to support plaintiff's claim, it is preempted by the Federal Communications Act 47 U.S.C. § 332(c)(3)(A), which provides, in part:
... [N]o State or local government shall have the authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services.
Thus, there are no issues of fact sufficient to preclude summary judgment in this case. Plaintiff opposed asserting the suit is not preempted because it is a breach of contract claim that challenges SunCom's billing practices, not its rates. After a hearing, the trial judge granted SunCom's motion for summary judgment finding its federal preemption argument persuasive:
We find that the relief sought by Plaintiff, a declaration that the billing practices of Defendant are unlawful as well as a determination that the Defendant's cellular towers were full or improperly located or that the broadcast of signals by Defendant is improper and the request for damages relating thereto would all require the Court to order a remedy the essence of which would amount to an unlawful regulation of the mobile service industry.
Plaintiff filed this appeal.

DISCUSSION
Plaintiff argues that 47 U.S.C. § 332(c)(3)(A) does not preempt her state law breach of contract claim that SunCom improperly included long distance and roaming charges on her monthly bills. We disagree.
Preemption issues are statutory construction issues. Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977 (La.2/29/00), 758 So.2d 116. The starting point is thus the statute itself. The critical question when determining whether federal preemption exists is whether Congress intended that federal regulations supersede state law. U.S.C.A. Const. Art. 6, cl. 2.
In this case, 47 U.S.C. § 332(c)(3)(A), provides that "no State or local government shall have the authority to regulate the entry of or the rates charged by any *648 commercial mobile service or any private mobile service ..." [Emphasis ours]. Our reading of the statute convinces us that a State must give effect to Congress' desire to give the FCC plenary authority over the rates charged by interstate commercial mobile service providers. Therefore, because plaintiff's action challenges the manner in which a mobile service carrier charges customers for its services, the action is preempted by federal law. Accordingly, the trial court's judgment granting SunCom's summary judgment is affirmed.

CONCLUSION
Based on the foregoing, the trial court's judgment is affirmed.
AFFIRMED.